UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIK L. AUFDERHEIDE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:25-cv-00327-SEB-MKK ) |
| MARY BETH ORMISTON, | ) ) |
| Defendant. | ) ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

Plaintiff Erik L. Aufderheide ("Mr. Aufderheide") has brought this action against Defendant Mary Beth Ormiston ("Ms. Ormiston") alleging various claims against her, including one under the Indiana Crime Victim's Relief Act, Ind. Code § 34-24-2-1 ("ICVRA"), emanating from an alleged violation of Indiana's Interference with Custody statute, Ind. Code § 35-42-3-4. Now before the Court is Ms. Ormiston's Motion for Partial Dismissal of Plaintiff's First Amended Complaint, dkt. 23, seeking dismissal of Plaintiff's ICVRA claim as set forth in Count IV. For the reasons stated below, her motion is **GRANTED.**

## BACKGROUND

### I. Factual Background

The events underlying this suit arise from a 2023 divorce proceeding between Mr. Aufderheide, an Air Force reservist, and Kati L. Aufderheide (a/k/a/ Kati McNamee) ("Ms. Auferheide"). In July 2023, the judge presiding over that proceeding awarded Mr. Aufderheide and Ms. Aufderheide joint custody of their three young children, stipulating

that Mr. Aufderheide receive 12 overnight visits each month. Although Ms. Aufderheide had never asserted during the divorce proceedings any claims that Mr. Aufderheide had abused her or their children or committed any sexual misconduct, soon after the decree was entered, sometime in late July or early August, Ms. Aufderheide's aunt, Ms. Ormiston, reported an allegation to a sexual assault response coordinator and an Air Force Captain "Victims Counsel" that Mr. Aufderheide had previously sexually assaulted Ms. Aufderheide. Mr. Aufderheide alleges that Ms. Aufderheide had also made similar claims, though he does not specify when she made them. Mr. Aufderheide's Amended Complaint alleges that these reports by Ms. Ormiston and Ms. Aufderheide were intentionally false.

On or about August 29, 2023, Ms. Aufderheide and Ms. Ormiston filed a petition for a civil protective order against Mr. Aufderheide in the Howard Superior Court. Following a hearing on September 21, the court concluded that "[t]he petitioner has not shown, by a preponderance of the evidence, that domestic or family violence, stalking, a sex offense or harassment has occurred sufficient to justify the issuance of an Order of Protection." Am. Compl. ¶ 37, dkt. 12. However, on the day following the filing of the petition, to wit, August 30, the Air Force charged Mr. Aufderheide with rape and child abuse, and undertook an investigation into those charges, placing Mr. Aufderheide on a Military Protective Order (MPO) "which isolated him from his young children for over a month." Am. Compl. ¶ 59, dkt. 12. This investigation, completed in December 2023, concluded that the criminal allegations lacked probable cause. Records of the arrest and investigation were expunged in October 2024.

Mr. Aufderheide claims that Ms. Ormiston's allegations against him prompted a recommendation by a Guardian Ad Litem that he lose custody of his and Ms. Aufderheide's children. Mr. Aufderheide further avers that the purpose behind the false allegations made by Ms. Aufderheide and Ms. Ormiston was to "defam[e] Plaintiff's reputation, win[ ] sole legal and primary physical custody of Plaintiff's children, and depriv[e] Plaintiff of real property and money." Am. Compl. ¶ 86, dkt. 12.

## II.   Procedural Background

This case was originally filed in Howard Superior Court (Indiana) against Defendants Mary Beth Ormiston and Kati L. Aufderheide. It was removed to our court on February 19, 2025. Dkt. 1. By the time of removal, Mr. Aufderheide had settled his claims with Ms. Aufderheide, removing her from this litigation. Dkt. 1. On March 3, 2025, Mr. Aufderheide filed an Amended Complaint against Ms. Ormiston adding factual details as well as counts for negligence and interference with custody. Dkt. 12. Ms. Ormiston moved to dismiss the interference with custody claim on April 15, 2025. Dkt. 23. Mr. Aufderheide failed to respond to her motion within 21 days, setting the stage for a summary ruling on the motion. S.D. Ind. L.R. 7-1(c)(2), (5).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A detailed account of all relevant facts is not required, but the claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*,

355 U.S. 41, 47 (1957)). To provide such notice, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When ruling on a motion to dismiss, courts construe "all well-pleaded allegations of the complaint as true and view[ ] them in the light most favorable to the plaintiff." *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). This construal is limited to factual allegations; "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). While the Seventh Circuit has "consistently said: 'As a general rule . . . notice pleading remains the standard,' " *Bausch v. Stryker Corp.*, 630 F.3d 546, 559 (7th Cir. 2010) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008)), "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

## DISCUSSION

The ICVRA allows victims of certain property crimes listed in the statute who have suffered a pecuniary loss due to those violations to seek to recover treble damages against the individual who caused the loss. *Sharkey v. Cochran*, No. 1:09-cv-0517, 2012 WL 967057, at *5 (S.D. Ind. Mar. 21, 2012). To recover under the ICVRA, "a plaintiff must prove that the defendant committed the alleged crime by a preponderance of the

evidence." *Gordon v. Bank of N.Y. Mellon Corp.*, 964 F. Supp. 2d 937, 943 (N.D. Ind. 2013) (citing *Gilliana v. Paniaguas*, 708 N.E.2d 895, 899 (Ind. Ct. App. 1999)). To do so, "[a] victim claiming relief under the act must prove by a preponderance of the evidence *all elements* of the alleged [crime], including the requisite intent." *Palmer Dodge, Inc. v. Long*, 791 N.E.2d 788, 791 (Ind. Ct. App. 2003) (emphasis added).

The crime alleged by Mr. Aufderheide, to wit, interference with his custody rights, prohibits the acts of "remov[ing] another person who is less than eighteen (18) years of age to a place outside Indiana when the removal violates a child custody order of a court;" or "violat[ing] a child custody order of a court by failing to return a person who is less than eighteen (18) years of age to Indiana" as well as "(1) knowingly or intentionally tak[ing]; (2) knowingly or intentionally detain[ing]; or knowingly or intentionally conceal[ing]; a person who is less than eighteen (18) years of age." Ind. Code § 35-42-3-4(a), (b). Ms. Ormiston argues in her Motion for Partial Dismissal, dkt. 23, that Mr. Aufderheide has failed to allege sufficient facts to create a plausible claim for relief under the aforementioned elements of the referenced statute.

In her Brief in Support of her Motion for Partial Dismissal, dkt. 24, Ms. Ormiston relies on the holding in *Melo v. State*, which lays out the elements of a violation of the Interference with Custody statute:

> [T]wo requirements . . . must be met before the State may charge a person with interference with custody. First, a person must either knowingly or intentionally remove another person, who is less than 18 years old, to a place outside of Indiana. Second, after the person, who is less than 18 years old, has been removed to a place outside of Indiana, a person must then either knowingly or intentionally, in violation of a court order, fail to return that person, who is less than 18 years old, to Indiana.

5

744 N.E.2d 1035, 1037 (Ind. Ct. App. 2001). Importantly, this analysis is limited to only one section of the statute—§ 35-42-3-4(a)(2). An individual can also be subject to prosecution for interference with custody for "knowingly or intentionally" taking, detaining, or concealing someone who is under the age of eighteen. Ind. Code § 35-42-3-4(b).

However, under either or both sections of the statute, the Amended Complaint does not measure up in that it fails to state a sufficient claim upon which relief can be granted under FRCP 8(a)(2). A plain reading of the Interference with Custody statute clearly reveals that some volitional act towards a person who is under 18 years of age, done with the intent "to deprive another person of child custody rights" is required, including physically taking, detaining, or concealing the minor. Ind. Code § 35-42-3-4(b). The Amended Complaint alleges that Ms. Ormiston's purpose in making the alleged defamatory statements was, at least in part, "to deprive Plaintiff of money, real property, and *custody of his children*," Am. Compl. ¶ 76, dkt. 12 (emphasis added), and that the Military Protective Order placed against him pursuant to Ms. Ormiston and Ms. Aufderheide's sexual assault claims resulted in his being separated from his children for more than a month. Am. Compl. ¶ 59, dkt. 12. However, the Interference with Custody statute specifically requires that such interference must have arisen from actions such as taking, detaining, concealing, or removing a child under eighteen years of age from the state. Ind. Code § 35-42-3-4. Interference by false statements, or by causing the issuance of an "unlawful" protective order, Am. Compl. ¶ 76, dkt. 12, which are the only actions

alleged to have been taken by Ms. Ormiston, are not acts prohibited by the Interference with Custody statute. Thus, we are unable "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Count IV of the Amended Complaint is premised on Ms. Ormiston's ostensible liability under the Interference with Custody statute. As noted above, Mr. Auferheide has failed to allege that Ms. Ormiston committed any act proscribed by the statute. Nor does his conclusory allegation, that "[Ms. Ormiston] interfered with [Mr. Aufderheide's] custody," Am. Compl. ¶ 100, dkt. 12, suffice to state a claim. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## CONCLUSION

For the reasons detailed above, Count IV of Plaintiff's Amended Complaint must be dismissed for its failure to state a sufficient basis upon which Defendant could plausibly be found liable for treble damages under the ICVRA. Defendant's Motion for Partial Dismissal as to Count IV of the Amended Complaint, dkt. 23, is therefore **GRANTED.** The case shall proceed as to the remaining claims.

IT IS SO ORDERED.

Date:   6/4/2025

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

7

Distribution:

Erik Laurentz Aufderheide, Sr
Erik Aufderheide Attorney at Law
erikla@coxpllc.com

Michael Wesley McBride
COHEN & MALAD LLP
mmcbride@cohenandmalad.com

Dennis Curt Postiglione
Postiglione Law, PLLC
dennis@dpostlawpllc.com

Brett Barrett Thomas
Cohen & Malad, LLP
bthomas@cohenandmalad.com